Spear, J.
I find myself compelled to dissent from the judgment rendered. The holding is that the case presented does not authorize the awarding of a writ of mandamus, because the relator has not shown that ho is a party beneficially interested within the meaning of the statute;, in other words, that to award, the writ would be doing a vain thing. The evidence shows that each of the four political parties having organizations in the county of Stark, at their several nominating conventions, nominated a candidate for sheriff, one of them being the person who was then holding the office of coroner and ex-officio sheriff; that later, and before the election, he withdrew from the contest, and was not voted for at the election; that the other three continued in the field and were voted for, the relator receiving over seven thousand votes, many more than a majority of all the votes cast for sheriff, the total vote on the general ticket in the county being over fifteen thousand. The officers of the several election precincts, *635 save two, duly forwarded the returns to the clerk, as re quired by law, and there is no question but that the election was every-where legally conducted, the returns in due form, and no suspicion exists that any are false, forged, or fraudulent.
The statute regulating the manner in which the votes shall be canvassed requires that the clerk and two justices of the peace shall proceed to open the several returns made to the clerk’s office, and make abstracts of the votes cast; that in making the abstracts they shall not decide 6n the validity of the returns, but shall be governed by the number of votes stated in the poll-book, and shall certify and sign .the abstracts. The duty here enjoined the clerk refuses to perform. Such refusal prevents the relator from having a standing to prosecute an action in quo warranto, or other proper form, to contest with the occupant his right to the office.
I take the liberty, with due deference, of suggesting that the showing thus made presents a case of sufficient gravity to warrant the court in awarding a writ directing the clerk to perform the plain duty required by statute, and that such action would not be the doing of a vain thing. Nor, as I think, is the defendant in a position to ask the court, iu this case, to anticipate the future, and determine what would he the result of a ease between the relator and the occupant, should one be instituted, I am not aware that any member of the court doubts that it was the duty of the clerk to abstract and certify the returns for sheriff, and for one I am disposed to say so, and am content to delay deciding a quo warranto ease until such time as such case may be brought. Believing that it is a tolerably proper thing for an officer to perform a sworn duty, I am of opinion that the making of the order prayed for would prove salutary, and that the purpose and policy of the law would be advanced by awarding the writ.